IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BRIAN D. STONE,<br><br>    Plaintiff,<br><br>v.<br><br>(1) STATE FARM FIRE AND CASUALTY COMPANY;<br>(2) ALFRED TOM CILIO; and<br>(3) REBECCA LAFEVERS STATE FARM AGENCY, INC.,<br><br>    Defendants. | Case No. CIV-25-7-D |

**ORDER**

This case is a dispute between Plaintiff Brian Stone and his home insurer, Defendant State Farm Fire and Casualty Company ("State Farm"), over State Farm's denial of Plaintiff's hail damage claim. Plaintiff also sued Oklahoma residents and insurance agents Alfred Tom Cilio ("Mr. Cilio") and Rebecca LaFevers State Farm Agency, Inc. (together, "the agents").[1]

On January 3, 2025, State Farm filed a Notice of Removal, arguing the agents were fraudulently joined to preclude federal jurisdiction [Doc. No. 1]. On January 31, 2025, Plaintiff filed a Motion to Remand [Doc. No. 11]. Defendant responded [Doc. No. 12], Plaintiff replied [Doc. No. 13], and—upon approval by the Court [Doc. No. 15]—Defendant filed a surreply [Doc. No. 20].

---

[1] Plaintiff alleged two causes of action against the agents: negligent procurement and constructive fraud / negligent misrepresentation.

1

On August 20, 2025, considering the extensive briefing, the Court denied Plaintiff's Motion to Remand [Doc. No. 25].

Now before the Court is Plaintiff's Motion for Reconsideration [Doc. No. 26]. Plaintiff argues the Court committed clear error by pre-trying doubtful issues of fact. In support, Plaintiff attaches two affidavits [Doc. Nos. 26-1, 26-2] and evidence from other cases that arguably support the existence of a State Farm-wide scheme to deny hail damage claims [Doc. Nos. 26-3 – 26-6].

## Analysis

A motion for reconsideration is "an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). Grounds warranting reconsideration include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp.*, 57 F.3d at 948).

Here, Plaintiff couches his argument as one based in clear error but then cites previously available evidence.[2] For example:

1. Plaintiff cites an adjuster's affidavit to assert that Defendant engaged in an inadequate roof inspection for underwriting purposes—whereas before, Plaintiff alleged no roof inspection occurred. *Compare* Motion [Doc. No. 26, at 1], *with* Complaint [Doc. No. 1-2, ¶¶ 4, 26];

---

[2]   *See* Motion [Doc. No. 26, at 11] ("The Court's Order admits that it made . . . presumption[s] . . . which is clearly in error and/or highly contested *from the Affidavits attached to this Motion* . . . ." (emphasis added)). Indeed, the majority of citations in the motion are not to Plaintiff's original complaint, but to the affidavits submitted in support of the motion. *See* Motion [Doc. No. 26, at 1-2, 6, 8-10].

2

2. Plaintiff cites his own affidavit to assert that Mr. Cilio communicated that the forthcoming roof inspection would not likely happen and, if it did, it would be "very limited." Motion [Doc. No. 26, at 1]; and

3. Plaintiff cites his own affidavit to allege that a phone conversation occurred between himself and a State Farm representative in which State Farm communicated that the claim was denied due to "'pre-existing' damage, ordinary 'wear and tear', or 'deterioration.'" *See* Motion [Doc. No. 26, at 10]. Originally, Plaintiff did not cite the phone conversation. *See* Complaint [Doc. No. 1-2, ¶ 36].[3]

Concerning the first two assertions, accepting their veracity, the Court does not understand how they provide the basis for a claim against Mr. Cilio. If, as Plaintiff now asserts, Mr. Cilio warned that an inadequate inspection was forthcoming, then—according to Plaintiff's own motion—Mr. Cilio spoke the truth.

Moreover, the Court considers the evidence supporting both assertions to have been previously available. Although Defendant attached the contested inspection report in its surreply [Doc. No. 20-2], it was presented to Plaintiff in the original briefing and Plaintiff chose not to file a motion requesting the opportunity to respond.

Concerning all three assertions, a motion for reconsideration is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citation omitted), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). Nor is it an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior

---

[3] Notably, the original complaint quotes State Farm as having communicated that the alleged damage was due to "wear and tear," "pre-existing damage," or "manufacturer defect." Complaint [Doc. No. 1-2, ¶ 36]. Plaintiff has since dropped the allegation about "manufacturer defect."

3

briefing." *Christ Ctr. of Divine Phil.*, 763 F. App'x 740, 743 (10th Cir. 2019) (quoting *Servants of Paraclete*, 204 F.3d at 1012); *see also Selby v. Shalala*, Civ. A. No. 93-4008-DES, 1994 WL 116297, at *1 (D. Kan. Mar. 11, 1994) ("[A] motion for reconsideration cannot be used to raise new issues for the first time."); *Shinwari v. Raytheon Aircraft Co.*, 25 F. Supp. 2d 1206, 1212 (D. Kan. 1998) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)) ("A motion for reconsideration is not a forum for new arguments or supporting facts that could have been presented originally.").

In the original order, the Court noted the difference between piercing the pleadings to determine whether the complaint has a basis in fact (*Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)), and pre-trying doubtful issues (*Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). The Court was careful to only engage in the former without resorting to the latter. *See* Order [Doc. No. 25, at 9].

Furthermore, noting that much of the complaint alleged that the agents failed to properly calculate Plaintiff's coverage limit—even though Plaintiff later conceded that "this isn't an underinsurance case"—the Court declined to ignore the distinction between an insurer's denial of a claim and the type of insurance procured by the agent. *See* Order [Doc. No. 25, at 7-8]. That ruling was not clear error. *See id.* (citing *Porter v. State Farm Fire & Cas. Co.*, No. CIV-25-187-R, 2025 WL 1151682) (W.D. Okla. Apr. 18, 2025)); *see also Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. 24-1101-D, 2025 WL 582562, at *4 (W.D. Okla. Feb. 21, 2025); *Steinkamp v. State Farm Fire & Cas. Co.*, No. CIV-22-00047-PRW, 2023 WL 11920886, at *2 (W.D. Okla. Sept. 29, 2023); *Gellner v. Progressive N. Ins. Co.*, No. 21-CV-0401-CVE-JFJ, 2021 WL 5789146, at *3 (N.D. Okla.

4

Dec. 7, 2021); *Smith v. Allstate Vehicle & Prop. Ins. Co.*, No. CIV-14-0018-HE, 2014 WL 1382488, at *2 (W.D. Okla. Apr. 8, 2014); *Rivera v. Hartford Ins. Co. of the Midwest*, No. CIV-14-1082-HE, 2014 WL 7335320, at *2 (W.D. Okla. Dec. 19, 2014).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration [Doc. No. 26] is **DENIED**.

**IT IS SO ORDERED** this 3rd day of November, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge