**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRIAN D. STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-7-D |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Plaintiff's Motion to Quash Deposition Notice of Plaintiff [Doc. No. 52]. The deposition was scheduled for October 26, 2026 and the Motion at issue was filed Sunday, October 25, 2026. *Id*. Defendant has not filed a response. For the reasons outlined below, the Court denies the Motion.

On October 12, 2026, Defendant filed an amended notice to take the deposition of Plaintiff on October 26, 2026. [Doc. No. 47]. After this date was agreed to, Plaintiff's counsel learned Plaintiff had a "serious medical procedure taking place on October 26, 2026 that [could not] be missed." [Doc. No. 52]. It is unclear when this information was learned, but Plaintiff asserts the parties have been attempting to reschedule since this information was relayed to defense counsel. [*See* Doc. No. 52]. These attempts were unsuccessful, resulting in the instant Motion. *Id*.

The district court has broad discretion over the control of discovery. *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010). Rulings on discovery matters

will not be disturbed absent abuse of discretion. *Merrill Scott & Assocs., Ltd.*, 600 F.3d at 1271. Local Civil Rule 37.1 provides:

> With respect to all motions or objections relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, this court shall refuse to hear any such motion or objection unless counsel for movant first advises the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord.

Plaintiff has not complied with this rule. Plaintiff did not advise the Court in writing that counsel personally met and conferred in good faith regarding the specific motion at issue and that counsel was unable to reach an accord. Furthermore, Plaintiff cites the Oklahoma Discovery Code in support of his Motion, which is not applicable in this federal proceeding. Accordingly, Plaintiff's Motion is denied.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Deposition Notice [Doc. No. 52] is **DENIED**, without prejudice to resubmission with the certification of a proper LCvR37.1 conference.

**IT IS SO ORDERED** this 26th day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Given counsel's experience on both sides of this matter, the Court expects a legitimate scheduling dispute such as this to be handled without Court intervention. The Court reminds Plaintiff and Defendant, along with their counsel, of their obligation to cooperate with one another in conducting discovery and encourages them to make their best efforts to conduct litigation in a mutual spirit of cooperation and good faith.